# Third District Court of Appeal

## State of Florida

Opinion filed December 12, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2452
Lower Tribunal No. 16-17787
_____

**The State of Florida,**
Appellant,

vs.

**Darryl Brown,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

Pamela Jo Bondi, Attorney General, and Jonathan Tanoos, Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellee.

Before LAGOA, LOGUE and SCALES, JJ.

PER CURIAM.

Affirmed.

The State of Florida v. Darryl Brown
Case No. 3D17-2452

LOGUE, J. (concurring).

I concur for the reasons stated in the trial court's well-reasoned order which

I would adopt as this court's own:

## BACKGROUND

Brown was charged in this case with possession of a firearm by a convicted felon. He seeks to suppress the firearm, which was seized from the glove compartment of his vehicle following a traffic stop. On August 27, 2016, Officer Desiree Zayas conducted a traffic stop of a vehicle driven by Brown after observing the vehicle commit a traffic violation. Officer Anthony Jimenez responded to the scene shortly thereafter as a backup unit. During the encounter, Officer Zayas asked Brown on two separate occasions whether the vehicle contained any weapons. Both times, Brown responded that it did not. A search of the vehicle's glove compartment by Officer Jimenez, however, revealed the firearm which is the subject of the Defendant's motion. The question presented for this Court to examine is whether Officer Jimenez's search of the vehicle following the traffic stop was justified.

## ANALYSIS

The standards for assessing the constitutionality of a protective search of the passenger compartment of a vehicle for weapons in the absence of probable cause to arrest were outlined by the United States Supreme Court in Michigan v. Long, 463 U.S. 1032 (1983). In Long, the Supreme Court extended a Terry protective search for weapons to the passenger compartment of a vehicle during a lawful investigatory stop, holding that a police officer who is performing a traffic stop may conduct a limited search of the vehicle for weapons if the officer "possesses a reasonable

2

belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons'. Id. at 1049-50 (citing Terry v. Ohio, 392 U.S. 1, 21 (1968)). In State v. Dilyerd, 467 So. 2d 301, 304 (Fla. 1985), the Florida Supreme Court applied the standard enunciated in Long and characterized two questions as "determinative" in its analysis of an officer's protective search of a vehicle: "(1) was the stop itself justified and, (2) did the deputy possess a reasonable belief based on specific and articulable facts, along with rational inferences, which justified his belief that the occupants of the car were dangerous and might gain control of weapons within the car." Brown does not dispute that the stop itself was justified. He does, however, challenge whether Officer Jimenez possessed a. "reasonable belief based on specific and articulable facts, along with rational inferences, which justified his belief that [Brown] was dangerous and might gain control of weapons within the car."

At the suppression hearing, Officer Zayas testified that she initially approached Brown's vehicle with her weapon drawn because she felt that Brown was trying to-hide something. She further testified that she was concerned Brown was hiding something and concerned with his movements. The officer, however, did not articulate any specific movement that led to her belief that Brown was dangerous and might gain control of a weapon. She testified that, despite retrieving his driver's license and registration from the sun visor, Brown turned his body towards the center of the vehicle. However, the body camera footage revealed that Brown only did so after receiving permission from Officer Jimenez in order to retrieve his insurance paperwork from the center console. Furthermore, while Officer Zayas may have suspected that Brown was hiding something, there was no testimony indicating that she in fact witnessed Brown hide (or attempt to hide) something in the vehicle.

Officer Jimenez, who arrived on scene shortly after Officer Zayas, testified that he was concerned for officer safety based on what he had been told by Officer Zayas. He further testified that, when he first arrived, one of the officers

3

(presumably Officer Zayas or Rodriguez) told him that Brown was reaching for something. Officer Jimenez, himself, did not observe Brown reach for anything in the vehicle. He testified that Brown was cooperative and never removed his hands from the steering wheel throughout his interaction with the Defendant, but he became concerned when Brown looked at the glove compartment. However, Officer Jimenez acknowledged that it was possible that Brown was looking at him since the officer was standing in the same direction as the glove compartment, relative to Brown.

The specific facts articulated by the officers fail to demonstrate that their fear of immediate danger was objectively reasonable so as to justify a protective search of the vehicle.

The officer's suspicions that Brown was hiding something, alone, are insufficient to justify a weapons search. There must be specific, articulable facts that demonstrate that the officer's belief that the occupant of the vehicle is dangerous is reasonable. Brown's brief look at the glove compartment, without more, does not support a finding that it was reasonable to believe he was dangerous or might gain control of a weapon in the car. The Court recognizes that it must look to the totality of the circumstances. However, a review of the body camera footage demonstrates that Brown was cooperative throughout the encounter. Officer Jimenez testified to this fact as well. Brown kept his hands on the steering wheel as directed by Officer Zayas except for when he needed to search for his license, registration, and insurance paperwork. Brown did not make any suspicious movements that were discernable in the body camera footage. Nor did either officer testify that they witnessed a particular movement. While Officer Zayas testified that she felt Brown was hiding something, a feeling or a "hunch" is not enough to justify a protective search. Therefore, the Court finds that the officers did not have a reasonable and articulable suspicion of danger justifying the search of Brown's car as protective, as Long requires.